Browning and Hall agt. Paige and Allen.

---

## SUPREME COURT.

### BROWNING AND HALL agt. PAIGE AND ALLEN.

A dismissal of the complaint, founded upon service of notice of trial or hearing, is irregular if obtained without placing the cause upon the calendar.

*Washington Special Term, September* 1852. This action was commenced in March 1846, and is in the nature of a creditor's bill. A large amount of testimony was taken, and various orders made enlarging the time, till on the 10th May 1847, an order was made on the application of the plaintiffs, to close the proofs, and notice served on defendants' attorney. On the 22d August 1847, an order was obtained by defendants' attorney opening the proofs, which was not served on the plaintiffs' attorney till the 20th February 1848. No steps appear to have been taken by either party after that time, until the October circuit in Wash-

ington county in 1851, when papers were put into the hands of Mr. Milliman, as counsel for plaintiffs, with instructions to agree upon and have a referee appointed to hear the cause; the plaintiffs' attorney believing the court would not hear it, as no order had been entered closing the proofs after the same had been opened by the order of defendants.

Mr. Milliman afterwards informed the attorney in Troy that a reference had been agreed upon, but that he had forgotten the name of the referee, but would write and inform him who he was. The plaintiffs' attorney swears that hearing nothing further, he (the attorney) supposed and believed a reference had been agreed upon until the 11th of June last, when he received a notice from defendants' attorney, that the cause would be brought " to *hearing and argument*, at a circuit court to be held at the court house in Sandy Hill in and for Washington county, on the 21st of June inst., at the opening of the court on that day.

On the 22d June, which was the 2d day of term, the plaintiffs' attorney went to Sandy Hill to attend court, and examined the calendar of causes, but the cause was not on it. He then inquired for Mr. Gibson, defendants' attorney, and found he was not in attendance; but he saw his partner, Mr. Davis, and asked him why the cause was not on the calendar, saying that they had made him come up from Troy for nothing. Mr. Davis replied, " he thought you would want to come up into the country," or words to that effect; and further said that Mr. Gibson, who resided at Whitehall, had not yet come to court. The attorney, under these circumstances returned home, believing that as the cause was not on the calendar nothing would or could be done, in the matter. He supposed nothing had been done, until the 29th of June, when he was served with a copy of an order by defendants' attorney dismissing the complaint, with costs. Not understanding the matter, he wrote to the clerk of Washington county to ascertain what had been done, and received from the clerk a copy of an order, made on the 24th June, dismissing the complaint. The plaintiffs' attorney swears he has always been desirous of trying the cause, and of taking more testimony in it, and wished it to be referred for that purpose.

The defendants' attorney swears that he was not aware of the

Browning and Hall agt. Paige and Allen.

interview between Mr. Davis, his partner, and plaintiffs' attorney, till apprised of it by his affidavit; that the cause has never been referred by any agreement on his part, with Mr. Milliman, or any one else; that several terms have elapsed, at either of which this motion could have been made, and that plaintiffs have been guilty of laches.

J. A. MILLARD, *for the Motion.*

H. GIBSON, *Contra.*

C. L. ALLEN, Justice.—1. The alleged irregularity of defendants appear in the affidavit served, and the several papers annexed, and the error complained of is sufficiently indicated in those papers (Blake agt. Locey 6 *How. Pr. R.* 108). The new rule (25) did not go into effect until the first day of October, after the notice of this motion was served.

2. Neither do I think the plaintiffs have been guilty of such laches, as form a sufficient objection to their making this motion at the present time. Notice of the order obtained by defendants was not served until the 29th of June last, and the attorney believing there was some mistake in obtaining it, from the facts stated in his affidavit, wrote to the clerk of Washington county, and did not obtain a correct copy of the order until the 20th of July, too late to prepare papers and move for any special term before the present, even from the first service. The general term in September, was not the place for hearing motions of this kind, and this being the county where the place of trial is designated, would seem to be the proper one for making the motion.

3. The defendants were irregular in taking an order to dismiss the complaint, not having placed the cause on the calendar, in pursuance of their notice (*Code,* § 256, 258). It does not appear from the papers that the cause was placed on the calendar at all The plaintiffs' attorney attended court the second day of the circuit, and not finding the cause on the calendar, and being induced to believe by the partner of defendants' attorney, that there was no intention to move in the cause, returned home as he had a right to do, under the circumstances. He was clearly misled, and the order should be set aside. If defendants had chosen, they might have taken the other course, by motion to dismiss the

complaint for the want of notice of hearing by plaintiffs. But they elected to take another remedy, and must be confined to the practice by which it is regulated.

The order dismissing the complaint must be set aside, the costs of this motion to abide the event of the suit.